# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80887-CIV-RYSKAMP/VITUNAC

BELAIRE AT BOCA, LLC, and
BELAIRE CLUB AT BOCA RATON
CONDOMINIUM ASSOCIATION, INC.,

        Plaintiffs,

v.

ASSOCIATIONS INSURANCE AGENCY, INC.
*et al*,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

THIS CAUSE comes before the Court upon Plaintiffs' motion to compel **[DE 126]** filed on

April 27, 2007.  Defendants, AIA and Associations, responded **[DE 130]** on May 11, 2007.

Plaintiffs replied **[DE 135]** on May 18, 2007.  The motion is now ripe for adjudication.

## I.     Introduction

A detailed recitation of the facts has been provided in this Court's Order Denying the Carrier

Defendants' motion to dismiss **[DE 141]** entered on June 21, 2007.  In the instant motion, Plaintiffs

seek to compel documents requested in their First Request for Documents.  They argue that these

documents are necessary and relevant to support their claim that AIA fraudulent induced them into

signing an insurance agreement and that AIA charged fraudulent premiums.  At issue are request

numbers 14, 15, 17, 22 and 23.

## II.    Discussion

### A.    Standard of Law on Motions to Compel

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

discovery regarding any matter... that is relevant to the claim or defense of any party."  Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  *Scott v. Leavenworth Unified School Dist. No*. 453, 190 F.R.D. 583, 585 (D. Kan.1999).  A court can limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, after taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the proposed discovery in resolving the issues.  Rule 26(b)(2)(iii).

Under Rule 34(a), a party may request that another party produce documents in its possession so long as the documents are within the scope of Rule 26(b).  If the opposing party objects to producing the documents, the party seeking production can file a motion to compel with the court pursuant to Rule 37.  The party opposing a motion to compel has the burden to show that the discovery is improper, unreasonable, or burdensome.  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).  When opposing the motion, a party must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden.  "The resisting party must make a particular and specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request."  *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala, 1998).

**B.  Analysis**

All of the requests at issue inquire into particulars of the "wholesale master insurance program."  This was the program under which AIA agreed to bundle Plaintiffs' properties with Associa's properties in order to obtain a cheaper rate of insurance.  Plaintiffs requested documents from AIA that identified the properties, insureds (request 14) and insurance coverage (request 15) provided to any entity involved in the wholesale master program; as well as premium rates charged in relation to the amount of coverage provided for each property participating in the same wholesale master program in which Plaintiffs participated (request 22).  Plaintiffs also sought documents evidencing any entity involved in the same wholesale master program in which Plaintiffs participated that cancelled or attempted to cancel their insurance (request 23).  They also requested documents concerning commissions, fees, interest or other compensation received by any entity with respect to insurance purchased through the program (request 17). Plaintiffs limited requests 14, 15 and 17 from 2003 until the present.  The remaining requests did not include a time limitation.

In regard to requests 17 and  22, AIA responded to those requests with objections, but then agreed to produce all responsive documents in AIA's possession.  Plaintiffs' argument focused on AIA's objections to the request but failed to explain why AIA's decision to produce the documents, not withstanding its objections, was insufficient.   Thus, AIA is not ordered to compel these documents.

In regards to the remaining requests, AIA generally objected by arguing that the requests are overbroad, burdensome, oppressive, harassing, and irrelevant.  AIA argues that these requests seek information regarding the insurance policies for 1,100 other Associations customers.  Moreover, AIA argues that the time frame is overbroad in that Plaintiffs seek documents three years before they participated in the wholesale master insurance program.

Plaintiffs' respond that the relevance of this request relates to the allegations of fraud.

Specifically, Plaintiffs argue that this information would provide evidence concerning whether other insureds were similarly defrauded and could help establish if this was a customary practice or an isolated incident.  Moreover, Plaintiffs allege that information regarding other participants in the program would help to identify whether those entities received the coverage that they requested.

The Court holds that the requested documents are discoverable.  First, the requested information is reasonably limited in time and scope.  Although Plaintiffs do seek information from 2003 until present, it is a limited enough from which to pursue their theory of the case.  Further, it is reasonable to request information regarding other insureds to determine whether other entities encountered the same problems that Plaintiffs allege.  Thus, the information requested is relevant and limited enough in time and scope to justify production.

**III.    Conclusion**

The Court has considered the Motion and the pertinent portions of the record, it is hereby,

ORDERED AND ADJUDGED that the Motion to Compel **[DE 126]** is PARTIALLY GRANTED.  AIA is ordered to produce documents responsive to requests 14, 15 and 23.  AIA is not ordered to produce documents responsive to requests 17 and 22.  AIA must produce these documents to Plaintiffs on or before July 13, 2007.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 21 day of June, 2007.

  /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record