UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80887-CIV-RYSKAMP/VITUNAC

BELAIRE AT BOCA, LLC, and
BELAIRE CLUB AT BOCA RATON
CONDOMINIUM ASSOCIATION, INC.,

        Plaintiffs,

v.

ASSOCIATIONS INSURANCE AGENCY, INC.
*et al*,

        Defendants.
_____/

**ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO COMPEL**

    THIS CAUSE comes before the Court upon Defendants', AIA and Associations, motion to compel **[DE 131]** filed on May 11, 2007. Plaintiffs responded **[DE 137]** on May 25, 2007. AIA and Associations replied **[DE 138]** on June 4, 2007. The motion is now ripe for adjudication.

**I.**    **Introduction**

    A detailed recitation of the facts has been provided in this Court's Order Denying the Carrier Defendants' motion to dismiss. In the instant motion, these Defendants seek to compel documents requested in their First Request for Production and First Set of Interrogatories. Defendants argue that these documents are necessary and relevant to investigate Plaintiffs' claims regarding damages, mitigation of damages, and whether Plaintiffs told Agent Defendants about their insurance requirements and that Defendants promised to provide that coverage and failed to do so. At issue are request numbers 1, 4, 6, 9, 10, 16, 17, 18 and 19. Defendants also request that the Court compel Plaintiffs to answer the questions posed in its First Set of Interrogatories.

**II.     Discussion**

      **A.     Standard of Law on Motions to Compel**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott v. Leavenworth Unified School Dist. No.* 453, 190 F.R.D. 583, 585 (D. Kan.1999). A court can limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, after taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the proposed discovery in resolving the issues. Rule 26(b)(2)(iii).

Under Rule 34(a), a party may request that another party produce documents in its possession so long as the documents are within the scope of Rule 26(b). If the opposing party objects to producing the documents, the party seeking production can file a motion to compel with the court pursuant to Rule 37. The party opposing a motion to compel has the burden to show that the discovery is improper, unreasonable, or burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). When opposing the motion, a party must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden. "The resisting party must make a particular and

specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala, 1998).

### B. Analysis

#### 1. Timeliness of Motion

Plaintiffs generally object to the timeliness of Defendants' motion. It appears from the pleadings that the parties have been in negotiations regarding what documents Plaintiffs would produce. As such, this constitutes reasonable cause for a later filing and therefore this Court will consider the motion on the merits.

#### 2. Requests 17 & 18

Plaintiffs argue that they have produced all non-privileged documents in their possession relevant to requests 17 and 18. The only exception are the insurance policies and the documents needed to compute the damages, since they are controlled by other Defendants. Plaintiffs stated that they are in communication with their insurance agent to obtain all responsive documents. They also stated that they have yet to request some of the damage documents from other Defendants

Defendants confirm that they have not received any insurance contract information nor have they received communications with insurance agents, brokers or companies regarding the purchase of replacement insurance. Moreover, Defendants argue that they still have not received sufficient production regarding their damages request. Since Plaintiffs have yet to produce these documents they are now ordered to do so. If other Defendants possess these documents, Plaintiffs must now request or seek to compel these documents from those Defendants.

**3.     Requests 1, 4, 6, 9, 10, 16 and 19**

Plaintiffs stated in their response that they either produced the responsive documents or that no documents exist. There is nothing in the record that would compel this Court to mistrust Plaintiffs' veracity. If, however, it is later found that Plaintiffs deceived this Court, appropriate action will be taken at that time. Thus, Defendants request is denied in this regard.

**4.     First Set of Interrogatories**

Plaintiffs objected to answering any of the interrogatories because Defendants' motion to dismiss was still pending. The Court has now ruled on that motion so Plaintiffs' objections are moot. Plaintiffs are now ordered to respond to the questions.

**III.   Conclusion**

The Court has considered the Motion and the pertinent portions of the record, it is hereby,

ORDERED AND ADJUDGED that the Motion to Compel **[DE 131]** is PARTIALLY GRANTED. Plaintiffs are ordered to produce documents responsive to requests 17 and 18 and to answer the first set of interrogatories. Plaintiffs are not ordered to produce documents responsive to requests 1, 4, 6, 9, 10, 16 and 19. Plaintiffs must produce these documents to Defendants on or before July 13, 2007.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 24 day of July, 2007.

                                                        /s/ Kenneth L. Ryskamp
                                         KENNETH L. RYSKAMP
                                         UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record